UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX SILVERMAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| SYNTER RESOURCE GROUP, LLC, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Defendant | ) |
| | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

ALEX SILVERMAN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SYNTER RESOURCE GROUP, LLC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Ambler, Pennsylvania 19002.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a debt collection company with its principal office located at 5935 Rivers Avenue, Suite 102, Charleston, South Carolina 29406-6071.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, the telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C.

§1692a(6), and sought to collect a debt from Plaintiff.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

13. The alleged debt arose out of transactions that were primarily for personal, family, or household purposes, namely the purchase of a pair of shoes.

14. Plaintiff purchased a pair of shoes online from an overseas retailer.

15. Plaintiff paid the retailer for the shoes.

16. The retailer shipped the shoes to Plaintiff using DHL Express USA, Inc.

17. DHL Express, Inc. attempted to charge Plaintiff for an import fee on the shoes.

18. Plaintiff was never advised of any DHL import fees on the shoes at the time of purchase by the retailer or DHL.

19. Plaintiff never agreed to pay any import fees when he purchased the shoes.

20. On November 17, 2015, Plaintiff received a collection letter from

Defendant seeking to collect $28.12 for DHL Express USA, Inc. See Ex. A.

21. The letter specifically identified Defendant as a debt collector, stating: "This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector."

22. The letter stated that Plaintiff owed a "balance due" of $28.12 to DHL Express USA, Inc. which Defendant was attempting to collect.

23. The balance the letter was attempting to collect as for the import fee that Plaintiff was charged without his agreement as Plaintiff has no other outstanding balance with DHL Express USA, Inc.

### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

24. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d.

    a. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

    b. Defendant violated § 1692d of the FDCPA by engaging in conduct which was naturally harassing when it sent Plaintiff a dunning letter seeking to collect and stating Plaintiff had a

"balance due" of $28.12 to DHL Express USA, Inc. when Plaintiff never incurred that debt and had no balance actually owed to DHL Express USA, Inc.

## COUNT II

25. Defendant's conducted, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692e(10).

   a. Section 1692e of the FDCPA prohibits a debt collect from using any false, deceptive, or misleading representation in connection with the collection of any debt.

   b. Section 1692e(2)(A) prohibits a debt collector from making any false representation of the character, amount, or legal status of any debt.

   c. Section 1692e(10) prohibits any false or deceptive means to collect or attempt to collect a debt.

   d. Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10( of the FDCPA when it sent Plaintiff a letter attempting to collect and stating Plaintiff had a balance due to DHL Express USA, Inc. of $28.12, as this misrepresented the amount and status of the debt since Plaintiff never incurred that debt and had no balance actually due and as such was also false and misleading.

## COUNT III

26. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f(1)

    a. Section 1692f(1) of the FDCPA prohibits a debt collector from the collection of any amount (including interest, fees, or charges) unless that amount is expressly authorized by the agreement creating the debt or permitted by law.

    b. Defendant violated § 1692f(1) of the FDCPA when it sought to collect $28.12 from Plaintiff for an import fee which Plaintiff never agreed to pay and which was not disclosed to Plaintiff as this charge was not authorized by agreement or law.

## COUNT III

26. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a. Section 1692f prohibits the use of any unfair or unconscionable practice in the collection of a debt.

    b. Defendant violated § 1692f when it sought to collect $28.12 from Plaintiff for an import fee which Plaintiff never agreed to pay and which was not disclosed to Plaintiff without verifying this debt was legitimately owed before doing so.

WHEREFORE, Plaintiff, ALEX SILVERMAN, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ALEX SILVERMAN, demands a jury trial in this case.

             RESPECTFULLY SUBMITTED,

DATED: 06-09-16       KIMMEL & SILVERMAN, P.C.

           By: */s/ Amy L. Bennecoff Ginsburg*
            Amy L. Bennecoff Ginsburg, Esq.
            Kimmel & Silverman, P.C.
            30 E. Butler Pike
            Ambler, PA 19002
            Phone: (215) 540-8888
            Fax: (877) 788-2864
            Email: aginsburg@creditlaw.com